IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

ROY GRAY                                                                                          PLAINTIFF

v.                                              Civil No. 6:20-CV-06034

VERONIQUE MOORE                                                                          DEFENDANT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action provisionally filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Robert T. Dawson, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act (PLRA). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### I. BACKGROUND

Plaintiff filed his Complaint in the Eastern District of Arkansas on March 13, 2020. (ECF No. 2). It was transferred to this District on March 19, 2020. (ECF No. 3). On March 20, 2020, the Court entered an Order directing Plaintiff to submit a completed *in forma pauperis* Application and an Amended Complaint, and Plaintiff did so on April 1, 2020. (ECF No's. 6-9).

Plaintiff is incarcerated in the Arkansas Department of Correction ("ADC") Ouachita River Unit. Plaintiff alleges that Defendant Moore violated his constitutional rights when she forced him to have sex with her on January 11, 2020, in direct violation of prison policy and the Prison Rape Elimination Act. (ECF No. 9 at 4). Plaintiff alleges this occurred on other occasions while Brittany

1

Mitchell "watched out for" them. (*Id*. at 4). Plaintiff alleges Defendant Moore is no longer an ADC employee, but continues to write to him. (*Id*. at 2).

Plaintiff proceeds against Defendant Moore in both her official and personal capacity. (*Id*. at 4). He seeks compensatory and punitive damages. (*Id*. at 7).

## II.  LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III.  ANALYSIS

Plaintiff's official capacity claims are subject to dismissal. Plaintiff identifies Defendant Moore as a corporal in the Arkansas Department of Correction at the time of his allegations. States and state agencies are not "persons" subject to suit under § 1983. *Howlett v. Rose,* 496 U.S. 356 (1990); *Will v. Mich. Dept. of State Police*, 491 U.S. 58 (1989); *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). "This bar exists whether the relief sought is legal or equitable." *Williams v.*

*Missouri,* 973 F.2d 599, 599-600 (8th Cir. 1992) (citing *Papasan v. Allain,* 478 U.S. 265, 276 (1986)). "Congress did not abrogate constitutional sovereign immunity when enacting the law that was to become section 1983." *Burk v. Beene*, 948 F.2d 489, 493 (8th Cir. 1991) (citing *Quern v. Jordan,* 440 U.S. 332, 342 (1979)). "A suit against state employees in their official capacities is the functional equivalent of a suit against the State." *Zajrael v. Harmon*, 677 F.3d 353, 355 (8th Cir. 2013). As Defendant Moore was an employee of the Arkansas Department of Correction at the time of the alleged rape incidents, Plaintiff's official capacity claims against her are subject to dismissal.

## IV. CONCLUSION

Accordingly, I recommend that Plaintiff's official capacity claims against Defendant Moore be **DISMISSED WITHOUT PREJUDICE**. Plaintiff's claims against Defendant Moore in her individual capacity should proceed.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this **3rd day of April 2020**.

/s/ *Barry A. Bryant*
_____
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE