IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

ROY GRAY                                                                                    PLAINTIFF

v.                                         Civil No. 6:20-CV-06034

VERONIQUE MOORE                                                              DEFENDANT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Robert T. Dawson, Senior United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. Currently before the Court is Defendant Moore's failure to file an Answer.

Plaintiff filed his Complaint on March 13, 2020, in the Eastern District of Arkansas. (ECF No. 1). It was transferred to this District on March 20, 2020. (ECF No. 4). That same day, the Court entered an Order directing Plaintiff to file an Amended Complaint, which he did on April 1, 2020. (ECF No. 9). Plaintiff is incarcerated in the Arkansas Department of Correction ("ADC") Ouachita River Unit and alleges that Defendant Moore violated his constitutional rights when she forced him to have sex with her on January 11, 2020, in direct violation of prison policy and the Prison Rape Elimination Act. (ECF No. 9 at 4). Plaintiff alleges this occurred on other occasions while another ADC employee "watched out for" them. (*Id*. at 4). Plaintiff alleges Defendant Moore is no longer an ADC employee but continues to write to him. (*Id*. at 2).

Plaintiff proceeds against Defendant Moore in both her official and personal capacity. (*Id*. at 4). He seeks compensatory and punitive damages. (*Id*. at 7).

Plaintiff's official capacity claims were dismissed on May 20, 2020, pursuant to the provisions of the Prison Litigation Reform Act (PLRA). (ECF No. 15).

1

Service to the first address provided by Plaintiff was returned unexecuted on August 4, 2020. (ECF No. 18). The Court entered an Order directing Plaintiff to provide an additional address to attempt service on Defendant Moore, which Plaintiff did on August 17, 2020. (ECF Nos. 19, 20). Plaintiff provided two addresses in Camden, Arkansas, one of which was a PO Box, the other a street address, and a summons was sent to both addresses. (ECF Nos. 20, 21, 22). Service to the street address was executed on August 28, 2020,[1] with Defendant Moore's Answer due on September 18, 2020. (ECF No. 23).[2] When she failed to submit an Answer, the Court entered a Show Cause Order on September 23, 2020. (ECF No. 25). Because Defendant Moore was identified as a former Arkansas Department of Correction employee, a copy of this Order was also sent to the Arkansas Department of Correction Compliance Division. (*Id*.). The Compliance Division did not file a response, and the Order sent to Defendant Moore was returned undeliverable on October 19, 2020, marked as unclaimed with no forwarding address. (ECF No. 27). On November 13, 2020, the Court entered a second Order to Show Cause to a PO Box in Texas which had been provided by Plaintiff. (ECF No. 29). This Order was returned as undeliverable on January 7, 2021, indicating the PO Box had been closed with no forwarding address. (ECF No. 30). To date, Defendant Moore has failed to file an Answer.

Accordingly, it is recommended that the Clerk be DIRECTED to enter a Clerk's Order of Default against Defendant Moore. It is further recommended that a hearing be set pursuant to

---

[1] Consistent with the United States Postal Service COVID-19 policy in place at that time, the certified service card indicated that the summons was left with Defendant Moore but included a notation in place of her signature. In response to the COVID-19 pandemic, the United States Postal Service instituted temporary policy modifications to its mail handling procedures during this time for mail that required customer signatures, including certified mail. Consistent with these modifications, USPS mail carriers may not always obtain a signature of the certified mail recipient, but instead may make certain notations reflecting confirmation of delivery. *See* General Order 20-39, United States District Court, Southern District of Ohio (citing *COVID-19 CONTINUITY OF OPERATIONS UPDATE, Customer Signature Service, COVID-19 Response and Prevention,*
https://about.usps.com/newsroomservice-alerts/ pdfl'usps-continuity-of-operations-03-20-2020.pdf (March 20, 2020)).
[2] Service to the Camden PO Box was subsequently returned unexecuted on September 29, 2020. (ECF No. 26).

Federal Rule of Civil Procedure 55(b)(2) to permit Plaintiff to present evidence of his damages prior to the entry of a Default Judgment.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **14th day of October 2021**.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE