IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

ROY GRAY                                                                                             PLAINTIFF

v.                                    Civil No. 6:20-CV-06034-RTD-BAB

VERONIQUE MOORE (Former Arkansas                                      DEFENDANT
Division of Correction Corporal)

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Robert T. Dawson, Senior United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before the Court is the issue of damages to be awarded in this default case. On November 9, 2021, Judge Dawson entered an order directing the Clerk of Court to enter a Clerk's Order of Default against Defendant Moore in her individual capacity.[1] (ECF No. 32). The Clerk's Entry of Default was entered that same day. (ECF No. 33). On September 21, 2022, Plaintiff appeared before the Court at an in-person hearing to present evidence on the issue of damages. (ECF No. 63).

"When a default judgment is entered on a claim for an indefinite or uncertain amount of damages, facts alleged in the complaint are taken as true, except facts relating to the amount of damages, which must be proved in a supplemental hearing or proceeding." *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818 (8th Cir. 2001). A Plaintiff must establish his or her

---

[1] Plaintiff's official capacity claims against Defendant Moore were dismissed on May 20, 2020. (ECF. No. 15).

1

damages to a "reasonable degree of certainty." *Id*. at 819.  Plaintiff has presented evidence of compensatory damages under this standard.  The Court found Plaintiff to be a credible witness.

Plaintiff is currently incarcerated in the Arkansas Division of Correction ("ADC") Varner Unit, but his allegations center on his time in the Ouachita River Unit.  In his verified Complaint, Plaintiff alleges that Defendant Moore violated his constitutional rights when she forced him to have sex with her on January 11, 2020, in direct violation of prison policy and the Prison Rape Elimination Act ("PREA").  (ECF No. 9 at 4).  Plaintiff emphasizes that prisoners have "no rights when an officer ask us to have sex with them, I followed my last direct order given to me." (*Id*.).  Plaintiff alleges this occurred on other occasions while another ADC staff member "watched out for" them.  (*Id*. at 4).  Plaintiff alleges Defendant Moore is no longer an ADC employee, but continues to write to him.  (*Id*. at 2).  Plaintiff seeks compensatory and punitive damages.  (*Id*. at 7).  In a supplement to his verified Complaint, Plaintiff provided a copy of a letter from Amanda Pasley, Division of Correction PREA Coordinator, indicating that his allegation of staff sexual misconduct with an inmate against Defendant Moore had been internally investigated and referred to the Arkansas State Police.  (ECF No. 24).

At the hearing, Plaintiff testified that the first sexual interaction between himself and Defendant Moore was consensual.  After that initial incident, Defendant Moore pursued him, and there were 4-5 more sexual interactions which were not consensual.  Plaintiff was concerned that he would get in trouble over the incidents, and eventually reported them.  Defendant Moore turned in her badge and left the ADC before he spoke with the Arkansas State Police.  Defendant Moore's husband emailed Plaintiff and threatened to contact the warden and make sure Plaintiff "never saw daylight."  Defendant Moore and the Unit Warden did not threaten Plaintiff.

Defendant Moore continued to email and send digital pictures of herself to him. One of these pictures included a fetal ultrasound. Plaintiff testified the baby was his, but that Defendant Moore later told him she suffered a miscarriage. Plaintiff's last contact with Defendant Moore was in March 2020, around the time he filed this lawsuit.

When questioned further by the Court, Plaintiff testified he received an ADC disciplinary charge for the incidents with Defendant Moore. As a result, he lost 365 days good-time credit, as well as 60 days of phone, commissary, and visitation privileges. He underwent 8-10 months of mental health counseling. Due to the loss of good-time credit, his first opportunity to be considered for parole was delayed by 18 months. Plaintiff then needed to explain the reason for the parole delay to his mother. He is currently scheduled for his first parole hearing in December of 2022. Plaintiff testified he believes he is entitled to five or ten thousand dollars in damages.

Plaintiff seeks damages for "psychological damage, physical pain, violation of my rights as well as misconduct of sexual assault and violation of the Prison Rape Elimination Act Policy I." (ECF No. 9 at 7). The Prison Litigation Reform Act ("PLRA") provides, "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e); *see also McAdoo v. Martin*, 899 F.3d 521, 525 (8th Cir. 2018) ("We interpret the PLRA to require more than a de minimis physical injury."). "Because a § 1983 action is a type of tort claim, general principles of tort law require that a plaintiff suffer some actual injury before he can receive compensation." *Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008).

Plaintiff's testimony that he was forced to engage in nonconsensual sexual activity at the order of an ADC officer is sufficient to satisfy the PLRA's physical injury requirement. *See Berryhill v. Schriro*, 137 F.3d 1073, 1076 (8th Cir. 1998) ("Certainly, sexual or other assaults are not a legitimate part of a prisoner's punishment, and the substantial physical and emotional harm suffered by a victim of such abuse are compensable injuries."). Plaintiff testified that after the first consensual incident, Defendant Moore pursued him, using her position of authority to coerce him into nonconsensual sexual activity several times. Plaintiff testified that he felt he had no right to refuse an order from Defendant Moore, an ADC officer.[2] Plaintiff has provided evidence that Defendant Moore was referred to the Arkansas State Police for sexual misconduct with him after an internal PREA investigation. Additionally, he testified that he underwent months of counseling, he lost various privileges for 60 days, and his parole eligibility was delayed by 18 months due to the incidents with Defendant Moore. The Court concludes that Plaintiff is entitled to compensatory damages in the amount of $10,000.00.

Upon such evidence, it is recommended that a default judgment be entered in favor of Plaintiff against Defendant Veronique Moore in the amount of $10,000.00, plus costs.[3]

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are**

---

[2] Indeed, "many federal courts have questioned whether, due to the 'enormous power imbalance,' an inmate can voluntarily consent to engaging in sexual activity with a jail or prison employee." *Moore v. King*, Case No. 3:15CV00370 JTR, 2017 WL 6271468, at *4, n. 8 (E.D. Ark. Dec. 8, 2017) (citing *Wood v. Beauclair*, 692 F.3d 1041, 1046-48 (9th Cir. 2012); *Graham v. Sheriff of Logan Cnty.*, 741 F.3d 1118, 1124-26 (10th Cir. 2013); *Caskey v. S. Dakota State Penn.*, No. 4:14CV04010, 2015 WL 7345763 at *21-22 (D.S.D. Sept. 29, 2015) (unpublished opinion)). The court in *Moore* also noted that Ark. Code. Ann. § 5-14-127(a)(2) criminalizes sexual activity between an ADC or county jail employee and an inmate or detainee as sexual assault in the fourth degree – a Class D felony. *Id*.

[3] Plaintiff proceeded IFP as a prisoner and has paid all court costs due for this case.

**reminded that objections must be both timely and specific to trigger de novo review by the district court.**

      **DATED** this **28th day of September 2022**.

                                         /s/ *Barry A. Bryant*
                                         HON. BARRY A. BRYANT
                                         UNITED STATES MAGISTRATE JUDGE